Felix POWELL, Petitioner,

v.

John ASHCROFT, Attorney General of the United States; James W. Ziglar, Commissioner of the Immigration and Naturalization Service; Immigration and Naturalization Service; and United States Department of Justice, Respondents.

No. 01–CV–289.

United States District Court, E.D. New York.

April 4, 2002.

Felix Powell, Oakdale, LA, pro se, for plaintiff.

Tracey Knuckles, Brooklyn, NY, for defendant.

### ORDER

GERSHON, District Judge.

Felix Powell has filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241, challenging his continued detention by the Immigration and Naturalization Service ("INS") more than 90 days after his removal order became final. Although that order became final on November 6, 1998, petitioner has not been deported and is currently in INS custody in Oakdale, Louisiana. Powell has, however, been accorded the custody review hearings INS regulations provide for aliens who have been detained beyond the expiration of their removal period. See 8 C.F.R. § 241.4.

Respondents claim that petitioner is to blame for his continued detention. In particular, they claim that petitioner has made repeated false and conflicting representations to the INS concerning his name and citizenship and that these representations have frustrated their ability to obtain the travel documents that are necessary to effect his deportation.

On April 27, 2001, I ordered petitioner to show cause why his petition should not be dismissed on the ground that he has obstructed the efforts of the INS to deport him. Petitioner submitted two responses to the Order to Show Cause. In the first, dated May 9, 2001, petitioner conclusorily stated that he "has not and neither to his knowledge made any false statements to the INS concerning his citizenship." In a second submission, dated May 21, 2001, petitioner stated that respondents' allegations are "false," that he informed the INS that he was born in Jamaica and that "he came to the United States when he was very little with his late mother," that there "is nothing the INS has asked petitioner to do to effect his removal that he did not do," that he "has NEVER obstructed the INS efforts to deport him," and that he "is ready to go."

Once an order of removal against an alien becomes final, the Attorney General is generally required to remove the alien from the United States within 90 days. *See* 8 U.S.C. § 1231(a)(1)(A). This 90–day time span is referred to as the "removal period." If the government fails to remove the alien within the removal period, it may further detain the alien if, *inter alia,* the Attorney General determines that the alien is a "risk to the community or unlikely to comply with the order of removal." 8 U.S.C. § 1231(a)(6).

Section 1231 also provides that, if an alien acts to frustrate the INS's ability to remove him, the removal period is tolled during the period of the alien's actions:

The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal. 8 U.S.C. § 1231(a)(1)(C).

Petitioner's situation fits squarely within the latter provision. Although petitioner alleges that he has not provided the INS with false information and that he wants to return to Jamaica, he has repeatedly provided the INS with inconsistent information regarding his identity, and these inconsistencies have demonstrably hampered the INS in carrying out his removal.

In a signed, sworn affidavit dated October 10, 1997, petitioner told the INS that he was born in the U.S. Virgin Islands and came to New York as a U.S. citizen when he was 16 years old. In another signed, sworn affidavit dated June 29, 1998, petitioner told the INS that he was born in Trinidad and that he entered the United States in 1984, when he would have been approximately 20 years old. In a signed, sworn affidavit dated June 30, 1998, petitioner stated that he was born in Kingston, Jamaica and that he entered the U.S. in 1990, when he would have been approximately 26 years old. He explained that he previously reported being from the U.S. Virgin Islands and Trinidad because he had testified against various individuals in Jamaica and was afraid to return there. During a telephonic interview with the Jamaican consulate on January 18, 2000, Powell claimed that he was born in Jamaica but moved to Canada with his parents and was a Canadian citizen. In another sworn statement dated July 10, 2000, petitioner stated that he was a citizen of Jamaica, that he did not know where he was

born, and that he had entered the U.S. in 1979. Powell also provided the INS inconsistent information regarding his name (claiming during the January 2000 interview that it was Rodclif West, not Felix Powell) and how many children he had.

Even Powell's statements to the court have been contradictory. For example, in his January 11, 2001 petition, Powell alleged that he entered the United States in 1979 when he would have been 15, yet in his May 2001 statement he represented that he first entered this country when "very little."

At every step along the changing path of petitioner's story, INS officials have attempted to secure the travel documents necessary to effectuate Powell's removal. They have contacted officials of, first, the U.S. Virgin Islands, then Jamaica, then Canada, and again, Jamaica; repeatedly interviewed petitioner; and contacted numerous individuals claimed to be Powell's friends and relatives. None of these efforts have so far borne fruit.

Petitioner's conflicting statements and the difficulties they have caused respondents in effectuating his removal belie his claim that he has cooperated with the efforts of the INS to remove him.[1] Instead, I find that Powell has acted to prevent his removal within the meaning of 8 U.S.C. § 1231(a)(1)(C). Therefore, I conclude that petitioner's removal period has been extended pursuant to that provision and that his continued detention more than 90 days after his order of removal became final does not entitle him to habeas corpus relief. *See Ncube v. INS Dist. Directors and Agents,* 98 Civ. 0282, 1998 WL 842349, at *16 (S.D.N.Y. Dec.2, 1998) (magistrate

judge's report and recommendation; adopted Dec. 30, 1998) (holding alien past removal period not unconstitutional where alien was solely responsible for delay in executing removal order); *Sango–Dema v. District Director,* 122 F.Supp.2d 213, 221 (D.Mass.2000) (alien cannot trigger right to freedom from indefinite detention "with his outright refusal to cooperate with INS officials").

Even if Powell's petition is read to challenge the constitutionality of Section 1231(a)(1)(C), it must fail, because that provision is consistent with the requirements of due process. In a recent examination of Section 1231, the Supreme Court held that Section 1231(a)(6) does not permit the government to detain an alien indefinitely and that, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Zadvydas v. Davis,* 533 U.S. 678, 699, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). The Court established a presumption that, where removal is reasonably foreseeable, it can be accomplished in six months. Thus,

> [a]fter this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing .... This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no

---

1. Although Powell attached to his May 21, 2001 response to my Order to Show Cause a letter purporting to request that the Jamaican consulate issue travel documents to permit his removal from the United States, that document does not alter my findings. Given the persistence with which Powell has made conflicting statements about his identity, I do not accord any weight to his letter, which is undated, unaccompanied by proof of mailing, and produced only at the last minute upon pain of dismissal.

significant likelihood of removal in the reasonably foreseeable future.

*Id.* at 701, 121 S.Ct. 2491.

*Zadvydas* addressed the constitutionality of Section 1231(a)(6) in the case of aliens "placed in deportation limbo because their countries of origin had refused to allow [them] entrance." *Sango–Dema,* 122 F.Supp.2d at 221. It did not discuss the constitutionality of Section 1231(a)(1)(C) and the tolling of the removal period during the time of an alien's non-cooperation. *See Guner v. Reno,* 00 Civ. 8802, 2001 WL 940576, at *2 (S.D.N.Y. Aug.20, 2001) (rejecting petitioner's reliance on *Zadvydas* in challenging detention beyond 90–day removal period where it was petitioner's "[own] efforts [to challenge the denial of discretionary relief from deportation] that have prevented INS from deporting him").

Even if *Zadvydas* were applicable here, I would find petitioner's continued detention to be appropriate. Respondents have produced sufficient evidence to rebut petitioner's claim that "there is no reasonable likelihood of deportation in the foreseeable future." Once petitioner provides accurate and complete information to the INS, it is likely that he can and will be removed. *Id.*

For the foregoing reasons, Powell's petition for relief under 28 U.S.C. § 2241 is denied.

**SO ORDERED.**